NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.— April, 1882.

## BROWNSON v. ROBERTS.

*In the matter of the judicial settlement of the account of* ROSWELL A. ROBERTS *and another, trustees, under the will of* HENRY E. ROBINSON, *deceased, for* ISABELLA K. BROWNSON *and her infant children.*

The testator, by his will, gave to his executors certain powers as trustees of his niece; authorized his "executors and trustees" to act collectively or individually in all matters appertaining to the estate; and, further, provided as follows: "I give and bequeath to each of my executors and trustees the sum of three thousand dollars, in lieu of *any and all commissions*, and in full compensation for their services in closing up my estate and making distribution thereof *in conformity with and on the conditions hereinbefore stated*." The executors each received $3,000, and, upon their accounting in their capacity as testamentary trustees, asked for commissions as such trustees, contending that the provision for compensation contained in the will applied to them only as executors.

*Held,* that such a construction would be contrary to the letter and spirit of the will, and that the application should be denied.

APPLICATION by testamentary trustees, for commissions, upon the judicial settlement of their account. The facts appear sufficiently in the opinion.

TRACY, OLMSTEAD & TRACY, *for trustees.*

ALFRED H. STEELE, *special guardian for infants.*

THE SURROGATE.—The application of the trustees for commissions must be disallowed. They have each received the sum of $3,000, the compensation fixed by the will of the testator, and are thereby, as it seems to me, precluded from making any further claim. One clause of the will reads as follows : " I give and bequeath to each of my executors and trustees the sum of three thousand dollars, in lieu of *any and all commissions,* and in full compensation for their services in closing up my estate and making distribution thereof, *in conformity with and on the conditions hereinbefore stated.*"

It has been urged that, by this language, the testator meant simply to indicate the compensation to which these applicants should be entitled, in their capacity as executors, and that he did not intend to forbid their receiving, in addition, the ordinary commissions for performing the responsible duties which have devolved upon them since their final accounting as executors. I cannot persuade myself that such an interpretation is correct. It does not seem to me to be in accord with either the letter or the spirit of the will. It is contrary to the letter, because the $3,000 is given to these applicants as "executors and trustees," and not simply as

executors.   It is contrary to the spirit, because, by comparing this clause with other parts of the will, it will be found that the testator understood the difference between the respective capacities of executor and trustee, and designedly used both those words in his reference to compensation.   He gives authority to his executors to act as his trustees, in carrying out the provisions of the will, and authorizes his "executors and trustees" to act collectively or individually, in all matters appertaining to the estate.   He also gives certain powers to his executors as trustees of his niece.   And, as has been already stated, he gives the $3,000 legacy in question to his *executors and trustees*, in lieu of any and all commissions, and in full compensation for their services in *closing up the estate and making distribution thereof in conformity with and on the conditions stated in the will*.   By the italicized words, I think that the testator must have meant such a closing up and distributing of his estate as would result from the entire discharge and satisfaction of the purposes and trusts of the will.

Decreed accordingly.